IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION



| | | |
|---|---|---|
| CEDREX DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-1273-T/An |
| | ) | |
| CHARLES TRAUGHBER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff Cedrex Davis, an inmate at the Northwest Correctional Center (NWCC), in Tiptonville, filed this complaint under 42 U.S.C. § 1983. Plaintiff paid the filing fee. The Clerk of Court shall record the defendants as Charles Traughber and Jack Elder.

I.   Analysis of Plaintiff's Claims

Plaintiff sues Tennessee Board of Probation and Parole Chairman Charles Traughber and Parole Administrator Jack Elder, alleging that he has been wrongly denied parole. Davis alleges that he is serving a fifteen year sentence for an unspecified offense. He alleges that he has been provided two parole hearings, the last on February 6, 2004. Davis states that the stated reason for the denial of his parole was the seriousness of his offense. Davis alleges that he filed an untimely appeal. He contends that Elder responded to the appeal but failed to

address his issues. Davis states the appeal was "rubber stamped" by defendant Elder. Plaintiff alleges defendants' failure to comply with the parole guidelines deprived him equal protection, due process, and the liberty interest in parole created by Tenn. Code Ann. § 40-35-503(b). Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.

There is no fundamental right under the Constitution to parole or early release. See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 11 (1979). Contrary to plaintiff's assertions, Tennessee law and regulations do not create a right to parole. Wright v. Trammell, 810 F.2d 589, 591 (6th Cir. 1987). Here, plaintiff received individual evaluation and assessment by the Board. Furthermore, the Sixth Circuit held in an unpublished opinion that the policies of the Board of Pardons and Paroles are not laws, but are more in the nature of guidelines for the Board to use in exercising its discretion. Berry v. Traughber, 2002 WL 1879961 (6th Cir. 2002)(citing Shabazz v. Gabry, 123 F.3d 909-915-16 (6th Cir. 1997)).[1]

The Court need not reach the merits of plaintiff's claims, however, as he fails to allege that he exhausted his administrative or available state remedies. Plaintiff filed an appeal of the Board's decision pursuant to Tenn. Code Ann. § 40-28-105(d)(11). He admits that the appeal was untimely. Davis did not attach a copy of defendant Elder's letter of the disposition of the appeal, therefore, the Court is unable to determine that plaintiff's late-filed appeal was sufficient to satisfy the requirement of exhaustion. To the extent plaintiff did exhaust his

---

[1] Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this Circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

2

administrative appeals, however, he had the right to file a petition for common law writ of certiorari in the Davidson County Chancery Court, pursuant to Tenn. Code Ann. § 27-9-101. Beaucamp v. Tennessee Bd. of Paroles, 2001 WL 1545504, at *1 (Tenn. Ct. App. Dec. 5, 2001). Plaintiff does not allege that he sought state judicial review to overturn the Board's decision in this manner.

Under the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a) was amended to make exhaustion of administrative remedies mandatory. Forty-two U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998).

The Sixth Circuit has determined that this requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). In order to comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Curry v. Scott, 249 F.3d at 503-04 (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore,

3

he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

The Sixth Circuit has consistently looked to the definition of prison conditions as used in 18 U.S.C. § 3626(g)(2), which was amended as part of the same legislation as § 1997(e) to determine which claims are governed by § 1997e(a). See Freeman, 196 F.3d at 643. Section 3626(g)(2) provides:

> The term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

The Sixth Circuit has not explicitly determined in a reported case that § 1983 claims that challenge parole procedures are actions "with respect to prison conditions" under § 1997e(a). In Rowan v. Traughber, 2002 WL 31085167, *1 (6th Cir. 2002), the Sixth Circuit affirmed a district court's dismissal of an inmate's claim that the Board had violated his right to due process for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). However, Sixth Circuit also noted that because plaintiff's administrative appeal of the Board's decision was still pending when he filed his civil rights complaint, dismissal was also appropriate because he had not exhausted all of the administrative remedies that were available to him. Rowan, 2002 WL 31085167 at *2.

The Sixth Circuit has held that claims arising from use of excessive force, denial of access to the courts, retaliation and implementation of the DNA Analysis Backlog Elimination Act of 2000, as well as claims for injunctive relief, are subject to exhaustion. Brown, 139 F.

4

3d at 1104-05; Freeman, 196 F.3d at 644; White v. McGinnis, 131 F.3d 593 (6th Cir. 1997); Kemp v. Jones, No. 01-2744, 2002 WL 1808416 (6th Cir. Aug. 6, 2002); Jinks v. United States, No. 02-5061, 2002 WL 1379008 (6th Cir. June 25, 2002); Davis v. Keohane, 835 F.2d 1147 (6th Cir. 1987).

Clearly under § 3626(g)(2), the present action is a civil action arising under § 1983 with respect to the "effects of actions by government officials" on the life of a person confined in prison. Thus, the Court determines that plaintiff's claims are fully within the scope of § 1997e and his complaint could not be brought "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, the complaint is DISMISSED without prejudice under 42 U.S.C. § 1997e(a).

## II. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Under Brown v. Toombs, an appellate court must dismiss a complaint if a prisoner has failed to comply with § 1997e's exhaustion requirements.

Accordingly, if a district court determines that a complaint must be dismissed as unexhausted, the plaintiff would not yet be able to present an issue in good faith on appeal because that appeal would also be subject to immediate dismissal. Thus, the same

5

considerations that lead the Court to dismiss this case for failure to exhaust administrative remedies compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 2nd day of May, 2005.

                                                                    JAMES D. TODD
                                                                    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 1:04-CV-01273 was distributed by fax, mail, or direct printing on May 9, 2005 to the parties listed.

---

Cedrex Davis
,

Honorable James Todd
US DISTRICT COURT